IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH R. REID,** | : | Civil No. 1:16-cv-0885 |
| **Plaintiff,** | : | |
| v. | : | |
| **DAVID J. EBBERT,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that the petition for a writ of habeas corpus filed by Kenneth R. Reid ("Reid") pursuant to 28 U.S.C. § 2241 be dismissed without prejudice and that claims with respect to the execution of his sentence be dismissed with prejudice. Reid has filed objections to the report and recommendation. For the reasons that follow, the report and recommendation will be adopted.

**I.     Discussion**

Reid's petition and objections to the report and recommendation raise issues that attack the validity of his conviction and sentence on his drug charges. He challenges his 240 month prison sentence claiming he is factually innocent of the charge because the jury did not make specific findings as to the quantity of the drugs.

A federal prisoner seeking to collaterally attack the validity of his conviction or sentence must do so pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). This rule does not apply when § 2255 is inadequate or ineffective to test the legality of the detention. 28 U.S.C. § 2255(e). This exception is "narrow" and applies only in "rare situation[s]." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255.

Reid has previously attempted to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 to no avail. (*See* Doc. 10, pp. 3-4.) To raise another § 2255 motion, he must seek authorization from the appropriate appellate court before filing a second or subsequent § 2255 motion. 28 U.S.C. § 2255(h). He cannot avoid this requirement by styling his claim as a § 2241.

Reid's objections to the report and recommendation amount to nothing more than a recitation of an attack on his proceedings before his sentencing court which should properly be raised in a § 2255 motion. This court is without jurisdiction to grant relief.

As for Reid's objections to his loss of good conduct time as sanctions for disciplinary actions, the magistrate judge appropriately concluded that Reid cannot demonstrate that a protected liberty interest was impacted because he has a life

sentence and therefore the loss of good time credit would not affect the length of sentence. Reid's objections do not refute this finding by the magistrate judge.

An appropriate order will issue.

 s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: May 24, 2018